Rev. 2/11

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

Please TYPE. Attach additional pages if necessary.

11th Circuit Docket Number: **14-11755CC**

| Caption: | |
|---|---|
| Danielle Tacoronte<br><br>Appellant<br><br>v.<br><br>Marc B. Cohen and GreenspoonMarder, PA,<br><br>Appellees | District and Division: Florida M.D.<br>Name of Judge: Kendall Sharp<br>Nature of Suit: Fair Credit Reporting Act,<br>Date Complaint Filed: March 15, 2013<br>District Court Docket Number: 6:13-cv-418-Orl 18GJK<br>Date Notice of Appeal Filed: April 18, 2014<br>☐ Cross Appeal   ☐ Class Action<br>Has this matter previously been before this court?<br>☐ Yes   ☒ No<br>If Yes, provide<br>(a)  Caption:   Interlocutory Order is o appeal in<br>(b)  Citation:<br>(c)  Docket Number:   14-11395 Mot to Consolidate filed |

| | Attorney Name | Mailing Address | Telephone, Fax, and Email |
|---|---|---|---|
| For Appellant:<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | J. Marshall Gilmore | 1936 Lee Road, Suite 100,<br>Winter Park, FL 32789 | (407)937-8675 and (321)<br>591-9922<br>FAX: (407) 599-3801<br>mgilmore@mgilmorelaw.com |
| For Appellee:<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | John H. Pelzer | 100 Cypress Creek Road,<br>Fort Lauderdale, FL 33309 | (954)427-2469<br>(954) 333-4069<br>john.pelzer@gmlaw.com |

Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☒ Federal Question<br><br>☐ Diversity<br><br>☐ US Plaintiff<br><br>☐ US Defendant | ☒ Final Judgment,<br>28 USC 1291<br><br>☐ Interlocutory Order,<br>28 USC 1292(a)(1)<br><br>☐ Interlocutory Order Certified,<br>28 USC 1292(b)<br><br>☐ Interlocutory Order,<br>Qualified Immunity<br><br>☐ Final Agency Action (Review)<br><br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br><br>☐ Default Judgment<br><br>☒ Summary Judgment<br><br>☐ Judgment/Bench Trial<br><br>☐ Judgment/Jury Verdict<br><br>☐ Judgment/Directed Verdict/NOV<br><br>☐ Injunction<br><br>☐ Other _____ | Amount Sought by Plaintiff:<br>$_____6,000_____<br><br>Amount Sought by Defendant:<br>$ attorney fees and costs<br><br>Awarded:<br>$_____00.00_____<br>to_____plaintiff_____<br><br>Injunctions:<br>☐ TRO<br>☐ Preliminary   ☐ Granted<br>☐ Permanent    ☐ Denied |

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?   ☒ Yes   ☐ No
What is the issue you claim is one of First Impression?   Defendants' use of defunct corporations Equifax account

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☒ Yes   ☐ No

If Yes, provide
(a) Case Name/Statute   Fair Debt Collection Practices Act and Fair Credit Reporting Act
(b) Citation
(c) Docket Number if unreported

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☒ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐ Yes   ☒ No

If Yes, provide
(a) Case Name
(b) Citation
(c) Docket Number if unreported
(d) Court or Agency

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit?   ☐ Yes   ☒ No
(b) Among circuits?   ☐ Yes   ☒ No

If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

The issues proposed or to be raised on appeal include, in the first case No 14-11395, whether or not the trial court can award attorney fees against the Plaintiff in a Fair Debt Collections Practices Act case when there was no finding by the Court that the Plaintiffs case was frivolous or brought for purposes of harassment of the Defendant and, in the second case 14-11755, whether Defendants knowing use of a defunct corporation's Equifax account to obtain credit reports violates the Fair Credit Reporting Act.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS __7th__ DAY OF __May__, __2014__.

____J. Marshall Gilmore____                           _____[signature]_____
NAME OF COUNSEL (Print)                                 SIGNATURE OF COUNSEL

*Please ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b): (a) judgments and orders appealed from or sought to be reviewed; (b) any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board, commission, or officer; (c) any report and recommendation adopted by an order; (d) findings and conclusions of an administrative law judge when appealing a court order reviewing an agency determination; (e) any agency docket sheet or record index.*

Case 6:13-cv-00418-GKS-GJK Document 74 Filed 01/31/14 Page 1 of 10 PageID 1263
Case 6:13-cv-00418-GKS-GJK Document 111 Filed 04/01/14 Page 1 of 10 PageID 2197
Case: 14-11755    Date Filed: 05/07/2014    Page: 3 of 10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE TACORONTE                    Case No. 6:13-cv-418-Orl-18GJK

   Plaintiff,

-v-

MARC B. COHEN, individually, and
GREENSPOON MARDER P.A., individually,

   Defendants
_____/

*[Stamp: based on a memo in response / DENIED and SO ORDERED this ___ day of Apr 20 14 / G. KENDALL SHARP / United States District Judge]*

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff files this Motion for Summary Judgment pursuant to the Federal Rules of Civil Procedure, Rule 56, and applicable provisions of the Fair Credit Reporting Act, 15 USC 1681 ( "FCRA" hereinafter) for grounds would show the Court as follows:

### I. SUMMARY OF MOTION.

1. It is undisputed that the Defendants Greenspoon Marder, P.A. ( "GM" hereinafter) and Marc B. Cohen ( "Cohen" hereinafter) obtained Plaintiff's credit report on January 26, 2012 using a subscriber account with Equifax Information Services, LLC ( hereinafter " Equifax") that was established and owned by a defunct corporate entity- the former law firm of Defendant Marc Cohen (Cohen, Conway Copeland & Paiva, P.A. or the renamed version- Cohen, Copeland, Paiva & Merrill, P.A.) that was dissolved in 2008 and ceased to exist as of that date. The procurement of Plaintiffs credit report by Defendants using the name Cohen, Conway

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE TACORONTE,

    Plaintiff,

v.                                      Case No. 6:13-cv-418-Orl-18GJK

MARC B. COHEN and GREENSPOON
MARDER, P.A.,

    Defendants.
_____

## ORDER

THIS CAUSE comes for consideration on Defendants Marc B. Cohen and Greenspoon Marder, P.A.'s ("GM") (collectively "Defendants") Motion for Summary Judgment. (Doc. 70.) Plaintiff Danielle Tacoronte responded in opposition (Doc. 81), and Defendants replied (Doc. 85). For the following reasons, Defendants' motion will be granted.

## I. BACKGROUND

This case arises out of Defendants' efforts to collect a debt Tacoronte owed to a third party. On May 10, 2006, Tacoronte obtained an equity line loan from Wells Fargo Bank, N.A. ("Wells Fargo") with a credit limit of $130,000.00. (Doc. 70-1 ¶ 1.)[1] Tacoronte drew on the line of credit up to approximately its limit. (See Doc. 70-4 at 4.) Tacoronte initially made payments to Wells Fargo on her loan but later ceased making payments, defaulting on a balance of approximately

---

[1] GM's First Request for Admissions to Plaintiff Danielle Tacoronte is filed with the Court as Doc. 70-1, and Cohen's First Request for Admissions to Plaintiff Danielle Tacoronte is filed with the Court as Doc. 70-2. After being served with GM's request for admissions and Cohen's request for admissions, Tacoronte failed to timely serve a written answer or objection. (See Doc. 64 at 1.) Long after the time had passed to serve a written answer or objection to Defendants' requests for admissions, Tacoronte filed a motion to deem her untimely written answers as timely filed. (See id. at 1-2.) United States Magistrate Judge Paul A. Zoss denied Tacoronte's motion. (See Doc. 68 at 5.) Therefore, by operation of Rule 36 of the Federal Rules of Civil Procedure, Tacoronte is deemed to have admitted each of GM's requests and each of Cohen's requests. See Fed. R. Civ. P. 36(a)(3), (b).

$129,000.00. (*Id.* at 5; *see also* Doc. 70-1 ¶¶ 2, 10.)  In July 2009, Wells Fargo served Tacoronte with a summons and a copy of the complaint it filed in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida ("Osceola Circuit Court") in the case styled *Wells Fargo Bank, N.A. v. Danielle Tacoronte*, 2009-CA-8077 (the "Wells Fargo Case").  (Doc. 70-1 ¶ 5; Doc. 70-3 ¶ 10.)  Wells Fargo initiated the Wells Fargo Case in order to assert a breach of contract action to recover the amount Tacoronte owed under her equity line loan.  (*See* Doc. 32-2 at 2-4.)

In February of 2010, Wells Fargo became GM's client.  (Doc. 70-3 ¶ 9.)  Cohen is a shareholder attorney with GM, and he represented Wells Fargo in the Wells Fargo Case beginning in approximately July 2011.  (*Id.* ¶¶ 6-7, 10; Doc. 70-1 ¶¶ 8-9.)  On January 26, 2012, in preparation for mediation of the Wells Fargo case, Cohen obtained a copy of Tacoronte's consumer report maintained by Equifax Information Services, LLC ("Equifax").[2]  (Doc. 74-5 at 1-2; Doc. 74-2 at 38-39.)  Cohen explained that when representing clients on collection matters—such as in Tacoronte's case—he would typically obtain the defendant's consumer report to gain insight regarding the defendant's financial standing.  (*See* Doc. 74-2 at 38-40, 46.)  Although Cohen was a shareholder attorney with GM at the time he acquired a copy of Tacoronte's Equifax consumer report, Cohen's Equifax subscriber account continued to reflect the name of his former law firm, Cohen, Conway, Copeland, & Pavia, P.A. ("CCCP").  (*Id.* at 31-32.)  Therefore, despite Cohen's submission of change of address forms to Equifax each time he changed law firms, the inquiry on Tacoronte's Equifax consumer report stated that the inquiry was made by CCCP.  (*Id.* at 32-33, 94-95; *see* Doc. 74-5 at 2.)  However, Tacoronte never contacted Equifax regarding this inquiry on her consumer report.  (Doc. 67-2 ¶ 21.)  Additionally, Tacoronte appears to have understood that the inquiry reflected that Cohen had obtained her Equifax consumer report.  (*See* Doc. 70-4 at 8.)

---

[2] Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

On March 29, 2012, the Osceola Circuit Court entered a judgment against Tacoronte in the amount of $129,000.00 in the Wells Fargo Case. (Doc. 70-1 ¶ 10.) Tacoronte appealed the Osceola Circuit Court's judgment, and Florida's Fifth District Court of Appeal dismissed Taroconte's appeal as untimely. (*Id.* ¶¶ 12-13.) Tacoronte also filed a motion for relief from the judgment entered against her by the Osceola Circuit Court. (*Id.* ¶ 14.) The court held a hearing and denied Tacoronte's motion. (*Id.* ¶ 18.)

On March 15, 2013, Tacoronte brought a suit in federal court against Cohen and GM, as well as others that were terminated from this case prior to the time Defendants filed their motion for summary judgment. (*See* Doc. 1-3; Doc. 23.) Tacoronte then filed her First Amended Complaint on August 15, 2013. (Doc. 43.) Tacoronte moved to voluntarily dismiss Counts I and II of her First Amended Complaint. (*See* Doc. 82 at 2.) Thereafter, the Court dismissed Counts I and II of Tacoronte's First Amended Complaint. (*See* Doc. 86 at 2.) The only remaining count from Tacoronte's First Amended Complaint is Count III, in which Tacoronte asserts a claim for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. *Id.*

In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. *Id.* at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. *Anderson*, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. *Celotex*, 477 U.S. at 322.

### III. ANALYSIS

In Count III, Tacoronte claims that Cohen and GM obtained her Equifax consumer report without permissible purpose in violation of the FCRA. "To establish a FCRA claim of willful or negligent misuse or acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Shepherd-Salgado v. Tyndall Fed. Credit Union*, CIV.A. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011). Section 1681b(a)(3)(A) of the FCRA explicitly provides that a consumer reporting agency may furnish a consumer report to a person which it has reason to believe intends to use the information in connection with "review or collection of an account of[] the consumer . . . ." 15 U.S.C. § 1681(a)(3)(A); *see also Pinson v. United Recovery Sys., LP*, No. 12-80792-Civ, 2013 WL 3717739, at *2 (S.D. Fla. July 15, 2013) ("In other words, [§

1681b(a)(3)(A)] permits a debt collector to request a credit report if it uses the report to review or collect on an account.")

In this case, it is undisputed that Tacoronte had an account with Wells Fargo, Tacoronte failed to satisfy this account resulting in an unpaid debt, Cohen and GM represented Wells Fargo in the lawsuit Wells Fargo brought to collect the debt that Tacoronte owed to Wells Fargo, and Cohen obtained Tacoronte's Equifax consumer report for the purpose of collecting the debt that Tacoronte owed to Wells Fargo. Therefore, Cohen and GM had a permissible purpose to obtain Tacoronte's Equifax consumer report. *See Pinson*, 2013 WL 3717739, at *2 (on plaintiff's FCRA claim, summary judgment was appropriate in favor of debt collector that obtained plaintiff's consumer report for the purpose of collecting on the unpaid account the creditor had assigned to the debt collector); *Greenhouse v. TRW, Inc.*, No. Civ.A. 96-1495, 1998 WL 61037, at *3 (E.D. La. Feb. 13, 1998) (on plaintiff's FCRA claim, summary judgment was appropriate in favor of law firm that obtained plaintiff's consumer report for the purpose of collecting an unpaid debt that the creditor retained the law firm to collect). "A showing of permissible purpose is a complete defense[]" to a claim under the FCRA. *Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 WL 81763, at *4 (E.D. Mich. Jan. 9, 2014). Therefore, Tacoronte's FCRA claims fails to the extent it is premised on Defendants' purported lack of permissible purpose to obtain her Equifax consumer report.

Tacoronte's response to Defendants' motion is centered around her contention that Defendants violated the FCRA by causing a record of an inquiry in the name of CCCP to be placed on her consumer report maintained by Equifax. On the date of the inquiry, Cohen was not affiliated with CCCP, and CCCP was a defunct business entity. Tacoronte maintains that in light of this discrepancy, Defendants obtained her Equifax consumer report through false pretenses. 15 U.S.C. § 1681q provides: "Any person who knowingly and willfully obtains information on a consumer

from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both." Although this section appears to be phrased to provide only for criminal penalties, 15 U.S.C. § 1681n provides for a civil cause of action for a violation of § 1681q. *See Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 47-48 (2d Cir. 1997).

"A court is to determine whether a request for a consumer report has been made under 'false pretenses' by looking at the permissible purposes for which consumer reports may be obtained under 15 U.S.C. § 1681b of the FCRA." *Veno v. AT&T Corp.*, 297 F. Supp. 2d 379, 385 (D. Mass. 2003). Further, "false pretenses" under § 1681q requires "not merely a purpose which is not technically in compliance with the purposes set forth in § 1681b, but a calculated attempt to mislead another in order to obtain information." *Graziano v. TRW, Inc.*, 877 F. Supp. 53, 57 (D. Mass. 1995).

As discussed above, Defendants demonstrated that their purpose in obtaining Tacoronte's Equifax consumer report was to aid in the collection of an account owed to their client, Wells Fargo, and such purpose is permissible under § 1681b(a)(3)(A). Tacoronte does not present any evidence that either defendant engaged in a calculated attempt to mislead Equifax, or any other person or entity, in order to obtain information. Therefore, Tacoronte's FCRA claim fails to the extent it is based on an alleged violation of § 1681q. Accordingly, summary judgment is appropriate in favor of Defendants.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Marc B. Cohen and Greenspoon Marder, P.A.'s Motion for Summary Judgment (Doc. 70) is **GRANTED**.

2. The Clerk of the Court is directed to **ENTER JUDGMENT** in favor of Defendant Marc B. Cohen and Defendant Greenspoon Marder, P.A.

3. The Court retains jurisdiction over this case for the purpose of determining whether sanctions, contempt, or both are appropriate and, if so, the nature and amount of such.

4. Defendants Marc B. Cohen and Greenspoon Marder, P.A.'s Motion in Limine (Doc. 93) is DENIED as moot.

5. The parties' Stipulated Motion for Extension of Time to Submit Joint Jury Instructions and a Joint Jury Verdict Form (Doc. 119) is DENIED as moot.

DONE and ORDERED in Orlando, Florida on this 14 day of April, 2014.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record